IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 15,772-04 & 15,772-05






EX PARTE MARK GILBERT PENA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 62,031 & 63,570

IN THE 147TH DISTRICT COURT OF TRAVIS COUNTY



 

 Per curiam.


 O R D E R



 These are applications for writs of habeas corpus which were transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of two offenses of aggravated robbery. Punishment was assessed at ten years' confinement
in cause number 63,570 and at fifteen years' confinement in cause number 62,031. Applicant
did not pursue a direct appeal in either cause.

 Applicant contends, inter alia, that he has been improperly denied credit for the time
he was in custody. Specifically, Applicant asserts that he is entitled to credit for the time he
was held on detainer from November 1996 to May 1997, and for the time periods September
18, 2002 to February 14, 2003, May 29, 2003 to July 18, 2003, and December 23, 2003 to
March 26, 2004, during which Applicant states he was put in jail by the Parole Board. 

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court does not
hear evidence, the trial court is the appropriate forum. The trial court shall resolve those
issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order affidavits
from the appropriate officials from Texas Department of Criminal Justice - Correctional
Institutions Division or Parole Division, or it may order a hearing. In the appropriate case
the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant has been improperly denied credit for the time he was held on
detainer from November 1996 to May 1997, and for the time periods September 18, 2002 to
February 14, 2003, May 29, 2003 to July 18, 2003, and December 23, 2003 to March 26,
2004. The trial court shall also make any further findings of fact and conclusions of law it
deems relevant and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits or the transcription of the court reporter's
notes from any hearing, along with the trial court's supplemental findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 28 DAY OF June, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.